Monroe v. Stephens, &c.

---

CASE 30—EJECTMENT—MARCH 21, 1882.

## Monroe v. Stephens, &c.

### APPEAL FROM GRAVES' CIRCUIT COURT.

1. P. and son, before the adoption of the Code, received a mortgage from Naylor, and filed proceedings in the United States Court for foreclosure. The mortgagees became the purchasers under the final decree of sale, in conformity with the practice in chancery then pursued. *Held*—that the purchasers having already been invested with the legal title by the mortgage, no commissioner's deed was necessary.
2. The court should have instructed the jury that, if they believed there was a mistake in the deed to C. A. and K. describing the land as the northeast quarter of section 22, when it should have been northwest quarter of section 22, they should find for appellees.

W. W. TICE FOR APPELLANT.

1. A commissioner's deed can convey no title except when made in pursuance of a judicial proceeding.

2. The case terminated in the United States Court in 1844, and no step
to obtain a deed was taken until 1873. It was too late, and the pro-
ceeding was barred by limitation. (2 Met., 146; 5 Bush, 86; Pryor
v. Wells, MS. Op., Sept., 1878; Stanley v. Earl, 5 Litt., 281; Lockhart
v. Yeiser, 2 Bush, 231; McArthur v. Goodwin, 12 Bush, 279.)

W. M. SMITH for appellees.

2. The effect of the foreclosure of Naylor's equity of redemption was to
do away with the defeasance in the mortgage, leaving the absolute
title in Peterson & Son, who were both mortgagees and purchasers
under the decree. (Bank U. S. v. Carroll, 4 B. M., 51; 4 Kent, 181;
Ib., 185; Cauffman v. Sayre, 2 B. M., 207; Julian v. Pilcher, 2 Duv.,
254.)

JUDGE HINES delivered the opinion of the court.

This is an action in ejectment by appellees to recover
three quarter sections of land, one of the quarter sections
described as the northwest quarter of section 22, township 5,
range 1, east. Both appellant and appellees claim to hold
title through N. W. Naylor, to whom the land was patented.
Appellant claims to hold the land as tenant of Naylor, and
appellees claim under a deed from Anderson & Kemble,
who, it is claimed, derived title through J. C. Calhoun and
Peterson, Son & Co. from N. W. Naylor. Naylor mort-
gaged the land to Peterson, Son & Co., and in 1838 a suit
was brought in the circuit court of the United States for
Kentucky to foreclose the mortgage, and to sell the land
in satisfaction of the debt. A decree of foreclosure was
entered, and time given until the next term of the court,
and on failure of Naylor to redeem, his equity of redemp-
tion was barred by decree, the land directed to be sold by
commissioner; and at a sale made in conformity to the
decree, 1844, Peterson, Son & Co. became the purchasers
for a sum much less than their mortgage debt, which had
been ascertained in the said decree. The report of sale
was confirmed, and a writ of possession ordered. No con-

veyance was made, and no order for conveyance until 1873, when Meriwether, as commissioner of the court, undertook to make a deed, under order of the court, to Peterson, Son & Co.

The first objection made by appellant to the ruling of the court is in the admission of the record and deed of Meriwether from the United States Court, and upon the ground, first, that the time intervening between the final decree in 1844 and the making of the deed in 1873 operated as a bar to the enforcement of the decree in favor of Peterson, Son & Co.; and second, that the deed does not conform to the decree. We need not consider the question of the admissibility in evidence of the deed of Meriwether, because we are of the opinion that, as Peterson, Son & Co., the mortgagees, were the purchasers under the decree of foreclosure, the title to the land vested in them absolutely, and free from all conditions. The proceedings in the suit for foreclosure were in conformity to the practice in chancery then pursued in Kentucky (Dowing, &c., v. Palmateer, 1 Mon., 66); and the legal title being in Peterson, Son & Co. by the execution of the mortgage, the right of redemption being barred by the final decree for sale, which was preceded by an order giving time to redeem, and the mortgagees being purchasers under that decree for a sum less than the mortgage debt, all conditions affecting the title were removed, and it then vested absolutely in Peterson, Son & Co., and therefore no conveyance to them by commissioner was necessary. (Fenwick's adm'r v. Macey, 2 B. M., 487; Jones on Mortgages, vol. 2, sec. 1586; Perine v. Dunn, 4 Johnson's N. Y. Ch.)

The second objections are to the introduction in evidence of the deeds from Peterson, Son & Co. to Calhoun, and from Calhoun to Anderson & Kemble. These objections

are based upon the fact that these deeds do not purport to convey any title to the north*west* quarter of section 22, but to the north*east* quarter of that section; and notwithstanding the fact that the deed from Anderson & Kemble to appellees purports to convey the north*west* quarter of section 22, there does not appear to have been any title in Anderson & Kemble, nor does the title appear to have ever passed out of Peterson, Son & Co., in whom it was vested by the decree of the United States circuit court, unless it can be shown that there was a mistake in the deeds to Calhoun, and to Anderson & Kemble, and that the land described in those deeds was intended to be the north*west* instead of the north*east* quarter of section 22. This mistake was probably made, and it was therefore proper to allow these deeds to go to the jury as evidence in the claim of title. But the court erred in taking from the jury the consideration of that question. The jury were, in substance, told that if they believed the evidence introduced, they should find for appellees. This was error. The instruction given was, in effect, a peremptory instruction to find for appellees. The jury should have been told that if they believed from the evidence that there was a mistake in the deeds to Calhoun, and to Anderson & Kemble in describing the land as the north*east* quarter of section 22, when it should have been the northwest quarter of section 22, that they should find for the plaintiffs, appellees here.

Judgment reversed, and cause remanded with direction for further proceedings consistent with this opinion.